UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS MENDEZ, | 1: 05 CV 01021 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JAMES A. YATES, | [Doc. 10] |
| Respondent. | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254. Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge. Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

On December 10, 1997, Petitioner was convicted of sexual battery, lewd and lascivious conduct, and residential battery. He was sentenced to an indeterminate state prison term of fifteen years to life.

Petitioner filed a direct appeal with the California Court of Appeal, Fifth Appellate District

1  ("Court of Appeal").  On February 23, 2000, the Court of Appeal affirmed the judgment.  Petitioner
2  did not seek review in the California Supreme Court.
3       Petitioner filed three pro se post-conviction collateral challenges.  First, Petitioner filed a
4  petition for post-conviction relief in Fresno County Superior Court on June 1, 2004.  The Superior
5  Court denied the petition on June 21, 2004.  Second, Petitioner filed a petition for post-conviction
6  relief in the Court of Appeal on July 13, 2004.  The Court of Appeal denied the petition on July 29,
7  2004.  Third, Petitioner filed a petition for post-conviction relief in the California Supreme Court on
8  August 23, 2004.  The court denied the petition on July 13, 2005.
9       Petitioner filed the present petition on August 9, 2005.

**LEGAL STANDARD**

11 JURISDICTION
12      Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant
13 to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of
14 the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct.
15 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by
16 the United States Constitution.  In addition, the conviction challenged arises out of the Fresno
17 County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a);
18 2241(d).  Accordingly, the court has jurisdiction over the action.
19      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
20 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
21 Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.
22 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97
23 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*
24 *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable
25 to cases filed after statute's enactment).  The instant petition was filed after the enactment of the
26 AEDPA, thus it is governed by its provisions.
27 STANDARD OF REVIEW
28      This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); <u>Lockyer v. Andrade</u>, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in <u>Van Tran v. Lindsey</u>, 212 F.3d 1143 (9th Cir. 2000)); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  <u>Lockyer</u>, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable."  <u>Id.</u> (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction.  <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

<u>STATUTE OF LIMITATIONS</u>

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision

(d) reads:

   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## DISCUSSION

Respondent moves to dismiss this petition on the ground that it is barred by the on-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner has not responded to Respondent's motion.

As Respondent explains, the Court of Appeal affirmed the judgment against Petitioner on February 23, 2000. The state appeal process became "final"within the meaning of Section 2244(d)(1) when the time for filing a petition for review expired forty days later, on April 4, 2000. California Rules of Court, Rules 24(a), 28(b), 45(a); California Civil Procedure Code Section 12a. The one-year statute of limitations began running the next day, on April 5, 2000. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001)(citing Fed.R.Civ.P. 6(a)). Thus, absent any statutory or equitable tolling, the last day for Petitioner to file a federal habeas corpus petition was on April 4, 2001.

Unfortunately, Petitioner did not file his first collateral challenge to his conviction until June 2004, over three years after the limitations period had expired. Because the limitations period had

1  already expired, the collateral challenge had no tolling consequence.  <u>Green v. White</u>, 223 F.3d 1001,
2  1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run);
3  see also <u>Webster v. Moore</u>, 199 F.3d 1256 (11th Cir.2000); <u>Rendall v. Carey</u>, 2002 WL 1346354
4  (N.D.Cal.2002).   Thus, Petitioner is not entitled to any statutory tolling of the running of the statute
5  of limitations.
6        Petitioner has not responded to Respondent's motion to dismiss, so has not presented any
7  equitable tolling argument in response to the motion.  The court's review of the petition has revealed
8  no basis for equitable tolling.  Thus, the court must conclude that Petitioner is not entitled to
9  equitable tolling of the running of the statute of limitations.
10
11       Based on the foregoing, IT IS HEREBY ORDERED as follows:
12 1)   Respondent's motion to dismiss is GRANTED;
13 2)   This petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;
14 3)   The Clerk of the Court is directed to enter judgment for Respondent and to close this case.
15 IT IS SO ORDERED.
16 **Dated:   January 11, 2008**            /s/  **William M. Wunderlich**
                                      UNITED STATES MAGISTRATE JUDGE
17
18
19
20
21
22
23
24
25
26
27
28